PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 12-2122 & 12-2726

J. MICHAEL LIGHTNER,
Regional Director of Region 22 of the
National Labor Relations Board
for and on behalf of the National Labor Relations Board

Appellant in No. 12-2726

v.

1621 ROUTE 22 WEST OPERATING COMPANY, LLC
D/B/A/ Somerset Valley Rehabilitation and Nursing Center

Appellant in No. 12-2122

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action Nos. 3-11-cv-02007, 3-11-cv-03960 &
3-11-cv-04072)
District Judge: Honorable Mary L. Cooper

Submitted Under Third Circuit LAR 34.1(a)

October 12, 2012

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: September 4, 2013)

Elinor L. Merberg, Esquire
Dexter E. Sutton, Sr., Esquire
Laura T. Vazquez, Esquire
National Labor Relations Board, Room 10532
1099 14th Street, N.W.
Washington, DC 20570

Saulo Santiago, Esquire
Michael P. Silverstein, Esquire
National Labor Relations Board
Region 22
20 Washington Place
Newark, NJ 07102

        Counsel for Appellant /Cross-Appellee

Rosemary Alito, Esquire
George P. Barbatsuly, Esquire
K&L Gates
One Newark Center, 10th Floor
Newark, NJ 07102

        Counsel for Appellee/Cross-Appellant

Ellen Dichner, Esquire
William S. Massey, Esquire

Gladstein, Reif & Meginniss
817 Broadway, 6th Floor
New York, NY 10003

      Amicus Counsel for Appellee

---

OPINION OF THE COURT

---

AMBRO, <u>Circuit Judge</u>

## I.

In 2010 Appellee/Cross-Appellant J. Michael Lightner, the Regional Director of Region 22 of the National Labor Relations Board (the "NLRB" or "Board"), brought charges of unfair labor practices before the NLRB against Appellant/Cross-Appellee 1621 Route 22 West Operating Co., LLC, d/b/a Somerset Valley Rehabilitation and Nursing Center ("Somerset Valley"). While administrative proceedings were pending on that complaint, the Board brought a petition in federal court under § 10(j) of the National Labor Relations Act ("the Act" or "NLRA"), 29 U.S.C. § 160(j), seeking temporary injunctive relief to prevent Somerset Valley from engaging in behavior that violates the Act and to reinstate certain employees.

After discovery and eight days of hearings, the District Court filed a 129-page opinion coupled with an order granting in part and denying in part the Board's petition. In that comprehensive and well-crafted opinion, the Court enjoined Somerset Valley from interfering with its employees

3

associating with the labor union, and required the reinstatement of two discharged employees. The Court refused to order Somerset Valley to reinstate two other employees or to order the rescission of notices of discipline filed against certain employees.

Somerset Valley appealed the parts of the order enjoining it and requiring it to reinstate the employees, and the Board filed a cross-appeal challenging the Court's refusal to order reinstatement of the discharged employees not reinstated. Those appeals were consolidated before us. Before the merits of the cross-appeals were fully briefed, the Board issued a decision and order in the administrative action that rendered moot the temporary injunctive relief order by the District Court. The Board then filed this motion to dismiss the cross-appeals and to instruct the District Court to vacate its opinion and order. Somerset Valley agrees that the appeals are moot and should be dismissed, but opposes vacatur.

II.

The District Court had jurisdiction under 29 U.S.C. § 160(j). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

The purpose of NLRA § 10(j) is to preserve the Board's powers to decide violations of the Act "by giving the NLRB an opportunity to seek an injunction of alleged violations before an injury becomes permanent or the Board's remedial purpose becomes meaningless." *Chester ex rel. NLRB v. Grane Healthcare Co.*, 666 F.3d 87, 96 (3d Cir. 2011). It gives a district court authority to enter temporary interim relief while retaining "the Board's exclusive authority to decide the merits of the case[]." *Id.* Because the Board has decided the merits of the complaint against Somerset Valley,

4

we agree with the parties that the Board's pursuit of temporary relief is moot. Yet there remains the dispute whether the District Court's opinion should be vacated. Although the judgment has become moot, we retain the authority "to enter orders necessary and appropriate to the final disposition of a suit that is before us." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22 (1994).

III.

When a civil case becomes moot while an appeal is pending, the normal practice is to vacate the district court judgment "because doing so 'clears the path for future relitigation of the issues between the parties.'" *Alvarez v. Smith*, 558 U.S. 87, 94 (2009) (quoting *United States v. Munsingwear*, 340 U.S. 36, 40 (1950)). This equitable rule prevents "'a judgment, unreviewable because of mootness, from spawning any legal consequences.'" *Rendell v. Rumsfeld*, 484 F.3d 236, 243 (3d Cir. 2007) (quoting *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 217 (3d Cir. 2003)).

In *U.S. Bancorp Mortgage Co.*, the Supreme Court recognized an exception to this general practice when "mootness results from settlement." 513 U.S. at 25. If the parties settle the dispute while the case is pending on appeal, "the losing party has voluntarily forfeited his legal remedy . . . , thereby surrendering his claim to the equitable remedy of vacatur." *Id.*

The Supreme Court recognized the limited nature of the exception created by *Bancorp* in *Alvarez*. There plaintiffs brought a due process challenge to the State of Illinois's hearing procedures following the seizure of personal property suspected of being used to facilitate a drug crime. 558 U.S. 89–90. The District Court granted the defendants' motion to

5

dismiss. *Id.* at 91. On appeal, the Court of Appeals for the Seventh Circuit reversed. The Supreme Court granted *certiorari*, but before the case was argued the State voluntarily dismissed the proceedings against the plaintiffs and returned the property, thereby mooting the underlying dispute. *Id.* at 91–92. The Supreme Court concluded that the mootness resulted from the "happenstance" of the separate State court proceedings, and not by the choice of either party to relinquish the appeal. *Id.* at 94. Although the State played a role in resolving the property disputes, those cases were decided on substantive grounds, and "the presence of [the] federal case played no significant role in the termination of the separate state-court proceedings." *Id.* at 96–97. As such, the Court vacated the Circuit Court's opinion. *Id.*

Mootness in our case arose when the Board issued its decision and order on the merits of the complaint against Somerset Valley. As in *Alvarez*, the underlying dispute was resolved on the merits in an administrative proceeding separate from the temporary injunction spawning the cross-appeals. The Board therefore did not voluntarily forfeit its right to a legal remedy on appeal. In addition, as both parties challenged the District Court's ruling, there is no evidence of "manipulation of the legal system, or an attempt to erase an unfavorable precedent" through seeking vacatur. *Rendell*, 484 F.3d at 243.

Somerset Valley argues that the Court's opinion has continuing relevance, although no legal effect, because the NLRB took judicial notice of the testimony offered before the District Court and the Board has asked that Court to rely on testimony presented at the hearing in another action involving these parties. Vacating the opinion and order entered by the District Court, however, will have no effect on the existence or record of the proceedings before it. Indeed, we know of no

6

ruling that would hinder Somerset Valley from relying on appropriate facts in the District Court record.

In this case, neither party has relinquished its challenge to the District Court's opinion and order giving temporary injunctive relief, but we are unable to review the decision because, by the Board's subsequent ruling on the merits, the Court's prior ruling is now moot. Hence, all that vacating the prior opinion and order does is protect the parties from any adverse legal consequences of that unreviewed opinion.

For these reasons, we dismiss the appeal and cross-appeal as moot and remand with the direction that the District Court vacate its April 16, 2012 opinion and order. Our decision to direct that Court to vacate its opinion is based solely on the mootness of the appeals before us and the governing Supreme Court law. We undertake no review of the District Court's very careful and well-articulated opinion in this case. Indeed, we deeply appreciate the exceptionally hard work of Judge Cooper.