NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-2807 and 18-2901
_____

POCONO MOUNTAIN SCHOOL DISTRICT,
Appellant in 18-2807

v.

T.D., a minor; S.D.L., as Parent and Legal Guardian of T.D.,
Appellants in 18-2901
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-00764)
District Judge: Honorable Robert D. Mariani
_____

Argued April 30, 2019

Before: RESTREPO, ROTH and FISHER, *Circuit Judges*.

(Filed: October 29, 2019)


John E. Freund, III  [ARGUED]
Glenna M. Hazeltine
King Spry Herman Freund & Faul
One West Broad Street, Suite 700
Bethlehem, PA 18018
        *Counsel for Pocono Mountain School District*

Michael E. Gehring  [ARGUED]
Dennis C. McAndrews
McAndrews Law Offices
30 Cassatt Avenue
Berwyn, PA 19312
    *Counsel for T.D., a minor and S.D.L., as Parent and Legal Guardian of T.D.*

_____

OPINION[*]

_____

FISHER, *Circuit Judge*.

Several behavioral and educational issues arose for student T.D. after an incident with another student during his time in the Pocono Mountain School District ("Pocono" or "the District"). After years of disagreement between T.D.'s mother and Pocono on how to respond to T.D.'s issues, she enrolled him in private school and filed a due process claim against Pocono. A Special Education Hearing Officer (the "Hearing Officer") granted private-school tuition reimbursement and compensatory education under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, but denied eligibility under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–82. The District Court found T.D. was also eligible under the IDEA and affirmed the Hearing Officer's award of tuition reimbursement under the IDEA rather than § 504. T.D. and Pocono each appeal aspects of the District Court decision. Because claims

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

related to tuition reimbursement are moot and the only otherwise-live issue on appeal was waived, we will vacate in part and affirm in part.

I.

In December 2011, third-grader T.D. was inappropriately touched by a female student at a Pocono elementary school. For the remainder of third grade and all of fourth grade, T.D. exhibited behavioral and educational issues in the classroom and at home. The parties had several tests and evaluations done over this time but could not agree on whether T.D. was eligible for special education services under the IDEA and § 504. Unable to reach an agreement with Pocono, T.D.'s mother enrolled him in private school for the 2013–14 school year. T.D. remained in private school until the 2018–19 school year when he re-enrolled in the District.

During T.D.'s first year of private school, his mother filed a due process claim on his behalf, seeking compensatory education for past violations of § 504 and the IDEA and private-school tuition reimbursement. The Hearing Officer found that T.D. was eligible for relief under § 504 and awarded twenty-six hours of compensatory education and tuition reimbursement,[*] but determined that he was not eligible for special education services under the IDEA. The Hearing Officer specifically found that Pocono acted with

---

[*] Pocono asserts that, during the pendency of these proceedings, it continued to pay T.D.'s tuition beyond the two years granted by the Hearing Officer. T.D. does not dispute that fact.

deliberate indifference to T.D.'s situation, opening the door to tuition reimbursement under § 504. Both parties appealed the adverse aspects of the decision to the District Court. A magistrate judge recommended affirmance on all issues in his Report and Recommendation.

The District Court agreed that T.D. was entitled to compensatory education under § 504 but found that Pocono did not act with the requisite deliberate indifference for a tuition reimbursement award under § 504. The court instead found that T.D. was eligible for special education services, including tuition reimbursement, under the IDEA. Pocono and T.D. appeal.

## II.

The District Court had jurisdiction pursuant to the IDEA, 20 U.S.C. § 1415(i)(2), and 28 U.S.C. § 1331. We generally have jurisdiction to review the court's grant of judgment on the administrative record pursuant to 28 U.S.C. § 1291.

## III.

### A.

Before we may consider the merits of the parties' claims, this Court must "satisfy itself of its jurisdiction over the subject matter." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)). To decide a case on the merits "when [we have] no jurisdiction to do so is, by very definition, for [this] [C]ourt to act ultra vires." *Steel Co.*, 523 U.S. at 101–02.

4

Though we generally have jurisdiction to review a district court's grant of judgment on the administrative record, Article III of the Constitution provides that courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988) (citing *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1976); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "Accordingly, if 'developments occur during the course of adjudication that eliminate a plaintiffs [sic] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d 488, 496 (3d Cir. 2012) (quoting *Cty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)).

In this case, both issues raised by the parties—the correctness of the District Court's IDEA eligibility determination and its finding that Pocono did not act with deliberate indifference under § 504—are related to tuition reimbursement and are therefore moot. Pocono paid for T.D.'s private school tuition for the entirety of his time at the school. T.D. then returned to the District. Pocono does not seek to recoup its costs related to its private-school tuition reimbursement. There is no more than the "mere physical or theoretical possibility," *Murphy v. Hunt*, 455 U.S. 478, 482 (1982), that these issues will reoccur for T.D., so the issues do not fall under the "capable of repetition, yet evading review" exception to mootness. *Id.* Neither party has a personal stake in the outcome of the claims related to tuition reimbursement, and the relevant issues are moot.

5

Because the District Court's IDEA eligibility determination and its deliberate indifference finding bear only on the tuition reimbursement award, we will vacate the District Court's determinations on those issues. *See Lightner ex rel. NLRB v. 1621 Route 22 W. Operating Co., LLC*, 729 F.3d 235, 237 (3d Cir. 2013) ("When a civil case becomes moot while an appeal is pending, the normal practice is to vacate the district court judgment . . . prevent[ing] 'a judgment, unreviewable because of mootness, from spawning any legal consequences.'" (citations omitted) (quoting *Rendell v. Rumsfeld*, 484 F.3d 236, 243 (3d Cir. 2007))).

## B.

In its reply brief, Pocono argues that the District Court incorrectly awarded twenty-six hours of compensatory education under § 504 without a deliberate indifference finding. Pocono failed to raise this issue in its opening brief, so the issue is waived, *see In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003), and the District Court's award of twenty-six hours of compensatory education under § 504 will be affirmed.

## IV.

For the foregoing reasons, we will vacate the District Court's IDEA determination and deliberate indifference finding and affirm its award of compensatory education under § 504.