**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2936
_____

COUNTY OF BUTLER; COUNTY OF FAYETTE;
COUNTY OF GREENE; COUNTY OF WASHINGTON;
NANCY GIFFORD; MIKE GIFFORD, husband and wife
doing business as Double Image Styling Salon; PRIMA
CAPELLI INC, a Pennsylvania Corporation; MIKE KELLY;
MARCI MUSTELLO; DARYL METCALFE; TIM
BONNER; STEVEN SCHOEFFEL; PAUL F. CRAWFORD,
trading and doing business as Marigold Farm; CATHY
HOSKINS, trading and doing business as Classy Cuts Hair
Salon; RW MCDONALD & SONS INC; STARLIGHT
DRIVE IN LLC, a Pennsylvania Corporation; SKYVIEW
DRIVE IN LLC, a Pennsylvania Limited Liability Company

v.

GOVERNOR OF PENNSYLVANIA; SECRETARY
PENNSYLVANIA DEPARTMENT OF HEALTH,
Appellants
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-20-cv-00677)
District Judge:  Honorable William S. Stickman, IV

_____

Argued July 22, 2021

_____

Before: CHAGARES, JORDAN, and SHWARTZ, <u>Circuit
Judges</u>

(Filed: August 11, 2021)

J. Bart DeLone [ARGUED]
Sean A. Kirkpatrick
Office of Attorney General of Pennsylvania
Strawberry Square
Harrisburg, PA 17120

Daniel B. Mullen
Office of Attorney General of Pennsylvania
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Claudia M. Tesoro
Office of Attorney General of Pennsylvania
1600 Arch Street, Suite 300
Philadelphia, PA 19103
        _Counsel for Appellants_

Daniel M. Vannella
Office of Attorney General of New Jersey
Division of Law
25 Market Street
Hughes Justice Complex
1st Floor, West Wing
Trenton, NJ 08625
    *Counsel for Amicus State of New Jersey*

Thomas E. Breth
Ronald T. Elliott
Thomas W. King, III [ARGUED]
Jordan P. Shuber
Dillon McCandless King Coulter & Graham
128 West Cunningham Street
Butler, PA 16001
    *Counsel for Appellees*

Lawrence J. Joseph
1250 Connecticut Avenue, N.W., Suite 700-1A
Washington, DC 20036
    *Counsel for Amicus Eagle Forum Education & Legal Defense Fund*

Christian D. Wright
Office of Attorney General of Delaware
Delaware Department of Justice
820 North French Street
Carvel Office Building
Wilmington, DE 19801
    *Counsel for Amicus State of Delaware*

Anthony R. Holtzman
K&L Gates
17 North Second Street
18th Floor
Harrisburg, PA 17101
    *Counsel for Amici Majority Leader of the House of
    Representatives, Pennsylvania Administrator of the
    House Majority Caucus, Pennsylvania Chair of the
    House Appropriations Committee, Pennsylvania Chair
    of the House Majority Caucus, Pennsylvania Chair of
    the House Policy Committee, Pennsylvania House of
    Representatives Majority Whip, Pennsylvania
    Secretary of the House Majority Caucus, Speaker of
    the Pennsylvania House of Representatives*

Matthew H. Haverstick
Joshua J. Voss
Kleinbard
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
    *Counsel for Amici Pennsylvania Senate Republican
    Caucus, Pennsylvania House Republican Caucus*

David R. Kott [ARGUED]
McCarter & English
100 Mulberry Street
Four Gateway Center, 14th Floor
Newark, NJ 07102
    *Counsel for Amicus New Jersey Business & Industry
    Association*

4

Jeffrey M. Schwab
Liberty Justice Center
141 West Jackson Street, Suite 1605
Chicago, IL 60604
        *Counsel for Amicus Liberty Justice Center*

Shawn M. Rodgers
Goldstein Law Partners
11 Church Road
Hatfield, PA 19440
        *Counsel for Amicus Commonwealth Partners Chamber of Entrepreneurs*

_____

OPINION OF THE COURT
_____

SHWARTZ, Circuit Judge.


On various dates between March and July 2020, the Governor and Secretary of Health of the Commonwealth of Pennsylvania ("Defendants") entered orders to address the COVID-19 pandemic. Plaintiffs, comprised of Pennsylvania citizens, elected officials, and businesses, challenge three pairs of directives: stay-at-home orders, business closure orders,

and orders setting congregation limits in secular settings.[1]  The United States District Court for the Western District of Pennsylvania concluded that the orders violated the United States Constitution, County of Butler v. Wolf, 486 F. Supp. 3d 883, 891 (W.D. Pa. 2020), and Defendants appealed.

While the appeal was pending, circumstances changed.  On the health front, society has learned more about how COVID-19 spreads and the efficacy of masks, therapeutics have been developed, and vaccines have been manufactured and distributed.  In fact, more than 60% of Pennsylvanians have received a COVID vaccine.

There also have been changes on the legal front.  An amendment to the Pennsylvania Constitution and a concurrent resolution of the Commonwealth's General Assembly now restricts the Governor's authority to enter the same orders.  Pa. Const. art. IV § 20(d); H.R. 106, 2021 Gen. Assemb., Reg. Sess. (Pa. 2021) (concurrent resolution terminating the Governor's March 6, 2020, proclamation of disaster emergency, as amended and renewed).  In addition, the challenged orders have expired by their own terms.

I[2]

The issue before us is whether those events moot this case.  We hold that they do.  "[A]n appeal is moot in the

---

[1] Each pair of directives consisted of substantially identical orders, one issued by the Governor and the other issued by the Secretary of Health.

[2] The District Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  We have

6

constitutional sense only if events have taken place during the pendency of the appeal that make it impossible for the court to grant any effectual relief whatsoever." In re World Imports Ltd., 820 F.3d 576, 582 (3d Cir. 2016) (citation omitted). The parties agree that the Governor's orders are no longer in effect and that he has been stripped of his power to unilaterally act in connection with this pandemic. As a result, the "law no longer provides [him] a mechanism" to "repeat the alleged harm." Rendell v. Rumsfeld, 484 F.3d 236, 242 (3d Cir. 2007). Moreover, the Secretary's orders have expired and there is consequently no relief that this Court can grant concerning them. Thus, the case is moot.

No exception to mootness applies. As Plaintiffs have conceded, the voluntary cessation doctrine does not apply here because the orders expired by their own terms and not as a response to the litigation. See Trump v. Hawaii, 138 S. Ct. 377 (2017) (Mem.) (stating that because the orders suspending the entry of aliens and refugees "expired by their own terms[,] the appeal no longer presents a live case or controversy" (alteration and quotation marks omitted)); Spell v. Edwards, 962 F.3d 175, 178-79 (5th Cir. 2020) (observing that an expired order is "off the books" and so "there is nothing injuring the plaintiff and, consequently, nothing for the court to do"). It is conceivable that the expiration of the executive orders could be opportunistically timed to avoid an unfavorable adjudication, but we have no basis to conclude that has happened here. On the contrary, the Secretary maintained her orders for several months after Plaintiffs challenged their constitutionality, and

appellate jurisdiction under 28 U.S.C. § 1291, whether or not this case is moot. See Hartnett v. Pa. State Educ. Ass'n, 963 F.3d 301, 305 (3d Cir. 2020).

7

the orders expired after more than half of all adults in Pennsylvania were vaccinated. We generally presume that government officials act in good faith, and we will not depart from that practice under these circumstances. See Marcavage v. Nat'l Park Serv., 666 F.3d 856, 861-62 (3d Cir. 2012).

The "capable of repetition yet evading review" exception to mootness also does not apply. That exception is "narrow" and "applies only in exceptional situations," Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017), where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again," Id. There must be more than a theoretical possibility of the action occurring against the complaining party again; it must be a reasonable expectation or a demonstrated probability. Murphy v. Hunt, 455 U.S. 478, 482 (1982).

A plaintiff bears the burden to show that the "capable of repetition yet evading review" exception applies, see Belitskus v. Pizzingrilli, 343 F.3d 632, 648 (3d Cir. 2003) (placing the burden on the party seeking to have their claim excepted from mootness based on the "capable of repetition yet evading review" exception); N.J. Turnpike Auth. v. Jersey Cent. Power & Light, 772 F.2d 25, 33 (3d Cir. 1985) ("It is the burden of the moving party to establish that the issue is 'capable of repetition yet evading review.'"). Plaintiffs have not carried that burden. Plaintiffs have pointed only to the fact that the Secretary of Health still claims the power to issue orders of the sort before us now. That observation, however, does not satisfy both elements of the test. The executive orders before us were the subject of a full evidentiary record developed and

8

considered on an expedited basis. Hence, they were not of too short a life to be reviewed.[3] Nor can we say that there is a reasonable expectation that the same complaining parties will be subject to the same orders again. Defendants have represented that the public health landscape has so fundamentally changed that "what we were facing in this case is not what you would be facing going forward," Oral Argument at 5:30-6:06, 11:47-11:59, and, though public health authorities continue to provide new guidance, Plaintiffs here have given us little reason to disbelieve that representation.

Thus, no exception to mootness applies, and we will dismiss the appeal.

---

[3] Whether, as a general matter, orders functionally evade review when they are of sufficiently short duration that they cannot be addressed through the appellate process is not something we need to consider here, since Plaintiffs' argument fails on the second prong of the "capable of repetition yet evading review" test, as described herein. Cf. Brach v. Newsom, -- F.4th --, 2021 WL 3124310, at *9 (9th Cir. July 23, 2021) ("Were California again to enforce a distance-learning mandate on Plaintiffs' schools, by the time a future case challenging the new mandate could receive complete judicial review, which includes Supreme Court review, the State would likely have again changed its restrictions before that process could be completed. Effective relief likely could not be provided in the event of any recurrence, which makes this a paradigmatic case for applying the doctrine of "capable of repetition, yet evading review.").

II

When a case becomes moot while an appeal is pending, appellate courts generally follow the "established practice" of vacating a district court's judgment with directions to dismiss. See United States v. Munsingwear, 340 U.S. 36, 39-40 (1950); Khodara Env't, Inc. ex rel. Eagle Env't L.P. v. Beckman, 237 F.3d 186, 194 (3d Cir. 2001). Guided by considerations of judicial fairness, the Supreme Court in Munsingwear observed that a judgment that is "unreviewable because of mootness" should not "spawn[] any legal consequences" for the party who sought reversal on appeal. 340 U.S. at 41. A directive to vacate a judgment under Munsingwear is an exercise of discretion that should occur "only after a consideration of the equities and the underlying reasons for mootness." Humphreys v. Drug Enf't Admin., 105 F.3d 112, 114 (3d Cir. 1996). In this regard, courts consider whether the action became moot due to the appealing party's own conduct or circumstances beyond the party's control. U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 24-25 (1994); see also Rendell, 484 F.3d at 242 (vacating the judgment because "mootness . . . occurred through happenstance—circumstances not attributable to the parties" (citation and quotation marks omitted)). Indeed, even in circumstances where claims challenging legislation become moot due to the legislative body's subsequent amendment, vacatur is appropriate if there is no evidence that the change was made with an intent to manipulate the judicial system. See Khodara, 237 F.3d at 195.

Here, the claims became moot for reasons outside the parties' control and, even assuming they did not, there is no evidence that Defendants intended to manipulate the judicial system by allowing the orders to expire. Instead, the

10

challenges to the Governor's orders became moot as a result of the vote of Pennsylvania residents and a concurrent resolution of the General Assembly. The claims against the Secretary became moot because the challenged orders expired by their own terms, which is not an action on this record that reflects an attempt to "manipulat[e] . . . the legal system, or . . . erase an unfavorable precedent through seeking vacatur." Lightner ex rel. NLRB v. 1621 Route 22 W. Operating Co., LLC, 729 F.3d 235, 238 (3d Cir. 2013) (citation and quotation marks omitted). As a result, following Munsingwear, we will vacate the judgment and remand to the District Court with instructions for it to dismiss the Complaint as moot. See Planned Parenthood Ctr. for Choice v. Abbott, 141 S. Ct. 1261 (2021) (Mem.); Slatery v. Adams & Boyle, P.C., 141 S. Ct. 1262, 1262-63 (2021) (Mem.).

## III

For the foregoing reasons, we will dismiss the appeal, vacate the judgment, and remand with instructions for the District Court to dismiss the Complaint as moot.

11

*County of Butler, et al. v. Governor of Pennsylvania, et al.*,
No. 20-2936
Jordan, J., *concurring*

_____

I join my colleagues' opinion in full but write separately to note two things I think worth mentioning. First, the question of mootness in this case is not, to my mind, a simple or easy one. The Governor's emergency powers have been reduced and the immediate sense of emergency has abated to a large degree, but both in reported public statements and in argument before us, "[t]he Wolf administration maintains that dissolving the disaster emergency does not affect a health secretary's disease-prevention authority to issue mask-wearing and stay-at-home orders or shut down schools and nonessential businesses." Marc Levy, *Lawmakers Vote to End Emergency Declaration, Extend Waivers*, Associated Press (June 10, 2021), available at https://apnews.com/article/pa-state-wire-health-coronavirus-pandemic-government-and-politics-f3980f25e76458063e1a4629f874c56a. (See audio recording of oral argument held on July 22, 2021 at 2:53-3:55 (https://www2.ca3.uscourts.gov/oralargument/audio/20-2936CountyofButlerv.GovernorofPA.mp3).) Whether that position is legally sound is not before us and I make no comment on it. The point is that the Defendants-Appellants in this case – Governor Wolf and the Commonwealth's Secretary of Health – have taken that position, so the possibility of future executive orders of the type challenged here is not fanciful. But such orders would have to be just that – in the future – because it is undisputed that the challenged orders have all expired, and a legal remedy aimed at those particular orders is, by definition, impossible. The case is thus moot,

unless one of the two well-known exceptions to mootness applies.

As described in the Court's opinion today, one of those exceptions is found in the "voluntary cessation" doctrine. If the person responsible for the challenged action stops it but can readily start it again, the dispute can rightly be said to still be live. But, as also noted in the Court's opinion, the Plaintiffs conceded at oral argument that the voluntary cessation doctrine does not apply in this case. (*Id.* at 51:57-54:12.)

That leaves the other exception to mootness, which reaches behavior that is capable of repetition yet evading review. I agree with my colleagues that the Plaintiffs have failed to show that the orders at issue satisfy the requisites for application of that doctrine. In particular, I doubt that "there is a reasonable expectation that the same complaining part[ies] will be subject to the same action again." *United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union v. Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016) (quoting *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016)). The Plaintiffs insist that this case is not moot because the orders at issue are indeed capable of repetition yet evading review, but we have only their speculation that the same kind of heavily restrictive orders will be issued once more. Given the recent, wide-spread reporting that the Delta variant of the COVID-19 virus is causing increased concern among many public health authorities, the Plaintiffs' position ought not be rejected out of hand, and it has not been. Nevertheless, as noted in our opinion today, we have been given little reason to doubt the representations by the Governor and Secretary that the public health circumstances have changed so dramatically since the time the challenged

2

orders were entered that there is no reasonable expectation that they will be re-imposed. So the case is over.

Which leads to the second and final point I want to make. The Plaintiffs have argued this case with an understandable vigor, believing, as they obviously do, that fundamental rights are at stake and were not properly respected by Pennsylvania's governmental officials. Without in anyway signaling a view on the merits – something I and the panel have assiduously avoided doing – I note simply that our ruling today should not be read as reflecting a lack of appreciation for the feelings generated by this case, nor as indicating a failure to understand that there are real-world consequences flowing from governmental responses to the unprecedented (at least in our lifetime) pandemic we are yet working our way through. The legal arguments of the Plaintiffs, of the elected and appointed officials on the other side of the "v.", and of the amici aligned on either side have all been carefully considered, with full sympathy for the parties' good faith and sincerity. For all of that, though, a merits decision cannot be given because there is simply no longer a case or controversy to be decided. The boundaries of our jurisdiction are set, and the case-or-controversy requirement embedded in Article III of the Constitution serves as a bulwark against judicial overreach. That is to everyone's benefit, even if it can at times be frustrating to those who have worked for and want an answer from the courts.

We are not through with COVID, and the unexpected may yet occur, but, under the rules governing our jurisdiction, considering the merits of this appeal or leaving the District Court's decision extant would be a mistake. I therefore concur in the opinion and judgment of the Court.

3